UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Thomas C. Couram,            Case No. 3:22-cv-905

       Plaintiff

v.                MEMORANDUM OPINION
                     AND ORDER

Employees of Toledo Library, *et al.*,

       Defendants

## Background

*Pro se* Plaintiff Thomas C. Couram has filed a civil rights complaint in this action against "Employees of Toledo Library, & Toledo Police, and Library Security Firm." (Doc. No. 1 at 1.) His complaint is unclear and does not set forth cogent factual allegations or legal claims. Plaintiff alleges he was assaulted in August 2020 by a "4 man swat team" while he was sleeping in an abandoned warehouse, and he generally complains that after this incident he was "stalked, harassed, and slandered obsessively" by police and security guards and employees in the public library. (*Id.* at 1-2.) He claims he is a law-abiding citizen and has been "falsely arrested, brutalized, and stalked all over the country." (*Id.* at 9.) He seeks compensation for "swat team assault," "police slander and harassment and stalking," as well as "library" and "security guard harassment." (*Id.* at 8.) He also asks that the Court order "the government" to allow him to get his birth certificate so that he can get an I.D. enabling him to be eligible for social security. (*Id.* at 10.)

## Standard of Review and Discussion

Although the standard of review for *pro se* pleadings is liberal, the generous construction afforded *pro se* plaintiffs has limits. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to conjure

allegations on their behalf. *See Erwin v. Edwards*, 22 F. App'x 579 (6th Cir. 2001). Federal district courts are expressly required, under 28 U.S.C. § 1915(e)(2)(B), to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

To survive a dismissal for failure to state a claim under § 1915(e)(2)(B), a complaint must set forth sufficient factual matter, accepted as true, to state claim to relief against the defendant that is plausible on its face. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)). Although detailed factual allegations are not required, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Additionally, they must be sufficient to give the defendants "fair notice of what [the plaintiff's] claims are and the grounds upon which they rest." *Swierkiewicz v. Sorema* N.A., 534 U.S. 506, 514 (2002).

Upon review, I find that plaintiff's complaint must be dismissed pursuant to § 1915(e)(2)(B). Even according to the complaint, the deference to which a *pro se* pleading is entitled, its allegations are insufficient to meet basic pleading requirements and they fail to provide factual content or context from which the Court could reasonably infer that plaintiff has any plausible federal civil rights claim against any defendant in the case. *See Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief).

**Conclusion**

Accordingly, plaintiff's application to proceed *in forma pauperis* in this matter (Doc. No. 2) is granted, and his complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). I further certify pursuant 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

So Ordered.

    s/ Jeffrey J. Helmick
United States District Judge